IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JOHNSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-5776 |
| | : |
| CITY OF PHILADELPHIA,<br>DEPARTMENT OF HUMAN SERVICES, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**KENNEY, J.**                                                                                           **MARCH 7, 2025**

Plaintiff Anthony Johnson, an unrepresented litigant, commenced this action by filing a complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. The claims arise from the City of Philadelphia, Department of Human Services' removal of Johnson's minor son S.J.[1] from his custody following allegations of abuse. Johnson asserts claims against the City of Philadelphia, Department of Human Services ("DHS"), its Secretary Valerie Arkoosh,[2] DHS Agents C. Sauveur and S. Johnson, Philadelphia Family Court and Family Court Judge Michael Fanning, the United States Court of Appeals for the Third Circuit, United States District Court Judge Robert Kugler, Devon Lane, Angel Lane, Gwendolyn Lane,

---

[1] Throughout the Complaint, Johnson refers to minor children by their full names. Federal Rule of Civil Procedure 5.2 prohibits litigants from submitting documents that contain personal information, including, *inter alia*, the names of persons under the age of 18, who are to be identified by initials only. The Clerk of Court will be directed to mark the Complaint as case participants view only. Johnson is directed to refrain from including the minors' names in future filings.

[2] There are no factual allegations in the Complaint describing conduct engaged in by Arkoosh. Accordingly, Johnson's claims against her are not plausible. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.) Johnson's claims against Arkoosh will be dismissed.

and Samir Witherspoon. (Compl. at 1.) For the following reasons, the Court will dismiss Johnson's Complaint with prejudice except for those claims barred by the *Rooker-Feldman* doctrine.[3] The barred claims will be dismissed without prejudice but with no leave to amend since it is a jurisdictional dismissal.

## I.   FACTUAL ALLEGATIONS[4]

Johnson's claims appear to arise from DHS proceedings that began on September 8 or 9, 2024, when DHS agents Sauveur and Johnson allegedly falsely accused Johnson of child abuse, resulting in the removal of his son S.J. from his custody. (*Id*. at 2.) He alleges that the source of the information giving rise to the accusation was the Lane family, who he claims "coaxed and interrogated" a little girl, A.B., presumably to provide false evidence. (*Id*.) In particular, he alleges that Devon Lane is the orchestrator of a conspiracy presumably designed to separate him from his child, and that in furtherance of the conspiracy, she has allegedly taught her niece (the Court understands Johnson to be referring to A.B.) to lie, and then used those lies against Johnson. (*Id*. at 4.) He also alleges that Angel Lane called him on September 7, 2024 to tell him that Devon Lane and Samir Witherspoon were coaching A.B. (*Id*. at 2.) DHS agents, presumably Sauveur and Johnson, allegedly only superficially investigated the report that A.B. had been coached and, upon questioning, were told by Devon Lane and Samir Witherspoon that Angel was "crazy." (*Id*.)

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court.

[4] The factual allegations set forth in this Memorandum are taken from Johnson's Complaint (ECF No. 1). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Johnson's pleadings will be corrected for clarity.

Johnson alleges that Defendant Devon Lane engaged in similar conduct in December 2021 and, because of a personal vendetta, repeated her actions in 2024. (*Id*.)  DHS agents,[5] according to Johnson, did not properly investigate Lane's conduct with respect to coaching A.B. in 2021, despite Johnson's request that they do so. (*Id*.)  Additionally, he alleges that the procedures employed by DHS agents at that time were unconstitutional, biased, and arbitrary, and served to promote coaxing a child to lie to provide support for a DHS investigation. (*Id*.)

Johnson describes Philadelphia Family Court proceedings held before Judge Michael Fanning on July 25, 2023. (*Id*. at 3.)  He alleges that during the proceedings, Judge Fanning produced a criminal record pertaining to Johnson, whereupon the judge was informed by someone who is not identified that the criminal record was "void," because non-Defendant Philadelphia Assistant District Attorney Michelle Seidner, who was responsible for the prosecution, had lied to the jurors to obtain the conviction against a Black male. (*Id*.)  Johnson alleges that during the proceedings, Judge Fanning refused to address Johnson's unopposed motion for judgment on the pleadings, but instead continued the case and subsequently recused himself. (*Id*.)  Johnson further alleges that because Judge Fanning referred to his criminal record during the Family Court proceedings, he moved for reinstatement of a civil rights action filed in this Court as.[6] (*Id*.)  Johnson also alleges that because Judge Fanning referred to his criminal

---

[5] It is not clear from the Complaint whether Defendants Sauveur and Johnson were involved in the 2021 DHS proceedings.

[6] Johnson refers to *Johnson v. City of Philadelphia*, No. 07-3110 (E.D. Pa.), a civil rights action against the City of Philadelphia, the Philadelphia Police Department, a Philadelphia police officer, members of the Philadelphia District Attorney's Office, judges of the Philadelphia Court of Common Pleas, the United States District Court for the Eastern District of Pennsylvania and several of its judges, the United States Court of Appeals for the Third Circuit, several private criminal defense attorneys, and Pennsylvania State Troopers "alleg[ing] a grand conspiracy by Defendants to deny [Johnson] various rights secured by the Constitution."  The case was dismissed with prejudice by Judge Robert B. Kugler, who was sitting by designation.  The

conviction during the Family Court proceedings, he was forced to withdraw his request for a protection from abuse order against Defendant Angel Lane. (*Id*.)

Johnson asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. (*Id*. at 1.) He claims that his Fourteenth Amendment rights have been violated because he has been denied his parental rights based upon alleged lies told to DHS by alleged drug addicts. (*Id*. at 4.) As relief, Johnson requests an injunction requiring DHS to relinquish custody of his son and immediate dismissal of the pending DHS proceedings. (*Id*.) He also seeks a declaration that the Philadelphia Family Court violated his Fourteenth Amendment rights by refusing to address his *pro se* pleadings and by using a criminal conviction obtained through prosecutorial misconduct against him. (*Id*.)

## II.     STANDARD OF REVIEW

The Court has granted Johnson leave to proceed *in forma pauperis*, (*see* February 11, 2025 Order, ECF No. 6), and accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask

---

Motion to Reinstate Johnson filed on August 4, 2023 remains pending. (*See Johnson*, 07-3110, ECF No. 63.)

4

only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Johnson asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought against state officials in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 F. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cnty.*, 380 F.3d 729, 736 (3d Cir. 2004). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207.

   **A.   Claims Against Lane Defendants - State Action Requirement**

Johnson asserts constitutional claims against Devon Lane, Angel Lane, Gwendolyn Lane, and Samir Witherspoon (alleged to be a son of the Lane family). (Compl. at 2.) He alleges that they coaxed A.B. to provide false information to support their claims to DHS that Johnson had

engaged in child abuse.  (*Id*. at 2, 4.)  He does not allege that any of these individuals is a state actor subject to liability under § 1983.

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Johnson does not allege that any member of the Lane family exercised powers that are traditionally the exclusive power of the state, that any of them acted with the help of or in concert with state officials, or that the state has so far insinuated itself into a position of interdependence with any member of the family that the actions of the Lanes must be recognized as joint participation in the removal of Johnson's son from his custody.  Notably, merely providing information to a governmental agency, without more, does not render the informant a state actor.  *See*, *e.g.*, *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)) ("Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do.  Filing a report or a civilian complaint does not transform a private citizen

into a State actor."); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). Because there are no allegations that any member of the Lane family is a state actor, Johnson's § 1983 claims against these Defendants are not plausible and must be dismissed.

**B.     Claims Against Judges Fanning and Kugler - Judicial Immunity**

Johnson asserts a § 1983 claim against Judge Fanning based on conduct he engaged in during a 2023 Family Court proceeding.[7] (Compl. at 3.) He alleges that Judge Fanning improperly referenced Johnson's criminal record, and that he refused to adjudicate Johnson's unopposed motion for judgment on the pleadings. He also allegedly continued the hearing and recused himself from Johnson's case. (*Id.*) Johnson's claim against Fanning are dismissed because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient

---

[7] It is not clear from the Complaint whether or how the 2023 Family Court proceedings are related to the removal of Johnson's son from his custody. This, however, is immaterial in light of the Court's disposition of the claims against Judge Fanning.

7

jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko*, 443 F.3d at 303-04 (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

Johnson does not allege that Judge Fanning acted outside the course and scope of his judicial duties, and the conduct described is undeniably judicial in nature. Moreover, there is no suggestion that Judge Fanning acted in the complete absence of jurisdiction as a judge of the Family Court. Additionally, Johnson does not allege that Judge Fanning acted as an enforcer or

administrator of a statute. In these circumstances, Judge Fanning enjoys absolute immunity from Johnson's claims based on his conduct during the referenced Family Court proceedings and Johnson's claims against him will be dismissed with prejudice.

Johnson also purports to assert a claim against Judge Kugler, who presided over a civil rights case Johnson filed in this Court in 2007.[8] The docket in *Johnson v. City of Philadelphia*, No. 07-3110 reflects that Judge Kugler, then a judge of the United States District Court for the District of New Jersey, was designated by Judge Anthony J. Scirica, then Chief Judge of the United States Court of Appeals for the Third Circuit, to preside over Johnson's case. (*See Johnson*, 07-3110, ECF No. 5.) Thus, he is a federal actor.

The vehicle by which federal constitutional claims may be brought in federal court against federal actors is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) and the Court understands Johnson to be asserting his claims against Judge Kugler pursuant to *Bivens*. However, federal judges, like state court judges, "are immune from liability for all actions taken in their judicial capacity unless such action is taken in the absence of all jurisdiction." *Gedeon v. Pratter*, No. 23-2841, 2023 WL 4918323, at *2 (E.D. Pa. July 31, 2023) (citing *Stump*, 435 U.S. at 356-57). "Moreover, the United States District Court for the Third Circuit has suggested that federal judges are immune to claims for injunctive relief as well as claims for money damages." *Gedeon*, 2023 WL 4918323, at *2 (citations omitted). There are no allegations in the Complaint describing any conduct engaged in by Judge Kugler, and he is identified only in connection with Johnson's 2007 civil rights case. In these

---

[8] As with Judge Fanning, it is not clear whether or how Judge Kugler's adjudication of Johnson's civil rights case nearly 15 years ago is related to the removal of Johnson's son from his custody. Also as with Judge Fanning, this is immaterial in light of the Court's disposition of the claims against Judge Kugler.

circumstances, Judge Kugler is entitled to immunity from Johnson's claims and the claims against him will be dismissed with prejudice.

        **C.**     **Claims Against Philadelphia Family Court**

Johnson includes "Philadelphia Family Court," a clear reference to the Family Division of the Court of Common Pleas of Philadelphia, as a Defendant in his Complaint. Against which he seeks declaratory[9] and injunctive[10] relief. This claim is not plausible. The Philadelphia Court

---

[9] Johnson seeks a declaration that the Philadelphia Family Court violated his Fourteenth Amendment rights when Judge Fanning did not adjudicate his *pro se* pleadings and referred to a prior criminal conviction during proceedings. (Compl. at 4.) However, declaratory relief is unavailable to adjudicate past conduct, so Johnson's request for this declaratory relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). *See also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). For these reasons, Johnson's request for declaratory relief will be denied with prejudice.

[10] Johnson also requests injunctive relief from DHS – he seeks immediate dismissal of the pending DHS proceedings and immediate return of his son to his custody. (Compl. at 4.) This request must be denied. Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. "The standards for a temporary restraining order are the same as those for a preliminary injunction." *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999). In light of the Court's dismissal of his Complaint in

of Common Pleas, as part of Pennsylvania's unified judicial system,is an agency of the Commonwealth. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that the Pennsylvania courts share in the Commonwealth's Eleventh Amendment immunity because they are arms of the Commonwealth). States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, any § 1983 claim against the Commonwealth or its agencies are not plausible.

### D.     Claims Against United States Court of Appeals for the Third Circuit

Johnson includes the United States Court of Appeals for the Third Circuit as a Defendant in his Complaint, meaning he is attempting to sue an agency of the United States. (Compl. at 1.) This claim is not plausible. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In these circumstances, Johnson has not stated a plausible claim against the Third Circuit and his claims against it must be dismissed with prejudice.

### E.     Claims Against City of Philadelphia Department of Human Services

Johnson asserts a claim against the Philadelphia DHS. DHS, however, is an agency of the City of Philadelphia, and City agencies are not suable entities under § 1983 because they do not have a separate legal existence. *See Lumumba v. Philadelphia Dept. of Human Servs.*, No. 98-5195, 1999 WL 345501, at *4 (E.D. Pa. May 21, 1999) (dismissing § 1983 claim against DHS because it is an agency of the City of Philadelphia and therefore has no legal existence separate from the City); *Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department

---

its entirety, Johnson cannot establish that he is likely to succeed on the merits of his claim. This request will be denied with prejudice.

shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Vangjeli v. City of Phila*, No. 15-1566, 2015 WL 5793926, at *3 (E.D. Pa. Sept. 30, 2015), *aff'd sub nom. Vangjeli v. City of Philadelphia*, 655 F. App'x 132 (3d Cir. 2016) (Free Library is not an entity subject to suit since no department or agency of the City of Philadelphia has a separate corporate existence) (quoting 53 Pa. C.S.A. § 16257); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).  Accordingly, Johnson's claim against Philadelphia DHS is not plausible and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### F.     Claims Against Agents Sauver and Johnson

The only viable state actors Johnson names are DHS agents Sauveur and Johnson.  While he alleges that they acted improperly and violated §§ 1983, 1985 and 1986,[11] he only seeks relief

---

[11] Johnson invokes 42 U.S.C. §§ 1985 and 1986 and asserts a conspiracy claim against Defendant Devon Lane and, presumably, other members of her family and the named DHS agents. (Compl. at 4.) Johnson alleges that Defendant Devon Lane was the "main orchestrator of the conspiracy," and that in furtherance of that conspiracy, she coaxed the minor A.B. to provide false evidence against Johnson. (*Id*.)  He alleges that she did so to satisfy a personal vendetta against him. (*Id*. at 2.) He also alleges that Defendant Witherspoon participated in coaxing testimony from A.B. (*Id*.)  Johnson's section 1985 and 1986 claims are not plausible and will be dismissed.
   42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3).  To state a plausible claim under § 1985(3) a plaintiff must allege the following elements:  (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or

that they cannot provide, namely that the Family Court address his *pro se* pleadings and dismiss the DHS matter.  Even if they could provide that relief, the Court is not empowered to grant that relief.

---

property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997).  Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Moreover, a plaintiff must allege specific facts in order to sustain a § 1985(3) claim:

> With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3).  A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals.

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient.")

"[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).  "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. 1985, and 'transgressions of 1986 by definition depend on a preexisting violation of 1985.'" *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)).

Johnson has not alleged facts suggesting that the Defendants reached an agreement to effect the initiation of DHS proceedings and the removal of Johnson's son from his custody.  He has not alleged that they were motivated to do so by an intent to discriminate against Johnson based on his race.  Instead, he alleges that Defendant Devon Lane acted pursuant to a personal vendetta she held against Johnson.  (Compl. at 2.)  Accordingly, he has not stated a plausible § 1985 claim and, necessarily, has also not stated a plausible § 1986 claim.  These claims will be dismissed.

The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. *Rooker,* 263 U.S. 413; *Feldman*, 460 U.S. 462. The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Under the *Rooker–Feldman* doctrine, the Court must determine whether "the state court has considered and decided precisely the same claim that the plaintiff has presented to the federal court." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 n.8 (3d Cir.2004). The Court must then determine whether the federal claim is "inextricably intertwined" with the state court adjudication. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 364 F.3d 102, 105-106 (3d Cir. 2004). The relief Johnson seeks in this case, namely to order DHS to relinquish custody of his minor child, seeks to overturn the state court custody decision. Because the *Rooker-Feldman* doctrine prohibits this Court from overturning the decision of a state court, even if Sauveur and Johnson were proper defendants, the claim against them would not be plausible for this additional reason. *Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998) ("If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit."). Rather, if Johnson was dissatisfied with the custody determination, his proper recourse was to appeal that decision to a higher state court.

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Johnson's Complaint with prejudice except for those claims barred by the *Rooker-Feldman* doctrine. The barred claims are dismissed without prejudice but with no leave to amend since it is a jurisdictional dismissal.

An appropriate Order will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

          **BY THE COURT:**

          /s/ Chad F. Kenney
          _____
          **CHAD F. KENNEY, J.**